The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Stanley Charles TOPPING,
Defendant–Appellant.

No. 86CA0752.

Colorado Court of Appeals,
Div. II.

June 9, 1988.

Rehearing Denied July 7, 1988.

Certiorari Granted (Topping)
Nov. 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Castelar Garcia, Manassa, for defendant-appellant.

VAN CISE, Judge.

Defendant, Stanley Charles Topping, appeals a judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault, first degree burglary, and felony menacing. We affirm.

## I.

Defendant first asserts that the trial court erred in admitting his confession. He claims it was involuntary because it was made to a former police officer on that person's promise not to reveal or use the confession. We disagree.

The record before us supports the trial court's holding that police involvement was not so extensive as to create an agency relationship between the witness and the police. Therefore, the defendant's confession was properly admitted into evidence. *See Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *People v. Chastain,* 733 P.2d 1206 (Colo.1987); *People v. Harris,* 703 P.2d 667 (Colo.App. 1985).

## II.

Next defendant contends it was error for the trial court to deny a challenge for cause against a juror with connections to law enforcement. We disagree.

Section 16–10–103(1)(k) C.R.S. (1986 Repl. Vol. 8A) requires a trial court to sustain a challenge for cause if it is shown that the juror is "a compensated employee of a public law enforcement agency." *Binkley v. People,* 716 P.2d 1111 (Colo.1986).

There was no evidence that the State Department of Administration, employer of the challenged juror, was a public law enforcement agency, or that the juror was a compensated employee of any other public law enforcement agency. Also, the juror stated that he could weigh all of the evidence and be fair and impartial. Therefore, the challenge for cause was properly denied.

## III.

Defendant also contends that the trial court denied him his "right to confrontation" by allowing the emergency room physician who first examined the victim to testify at trial by telephone from Kentucky. We do not agree.

The right to confrontation and cross-examination is not absolute and may be limit-

ed in certain situations. *People v. District Court*, 719 P.2d 722 (Colo.1986); *People v. Cole*, 654 P.2d 830 (Colo.1982). One such exception arises when statements adduced from persons outside the courtroom are nevertheless deemed admissible by virtue of their inherent reliability. *See Kentucky v. Stincer*, 482 U.S. ——, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Evidence falling within this category includes hearsay statements, *see* CRE 803 and 804, prior inconsistent statements, *see* § 16–10–201, C.R.S. (1986), and deposition testimony. *See* Crim. P. 15.

In the instant case, the only limitation on the defendant's right of confrontation was that the jury and the defendant were prevented from viewing the physician's demeanor while she testified. The jury and defendant were permitted to listen as the defendant's counsel fully cross-examined her. As with the hearsay and deposition exceptions to the confrontation clause, the inherent reliability of the physician's testimony—arising, as the trial court noted, from the doctor's lack of any personal interest in the outcome of the case and from the uncontested nature of her testimony (which consisted of the results of the examination and the victim's demeanor and statements at that time)—compensated for any minor reduction in the defendant's ability to confront the witness face to face. *See People ex rel. Faulk v. District Court*, 667 P.2d 1384 (Colo.1983); Crim.P. 25.

We agree with the conclusion of the trial court:

"[I]t is important in balancing the rights of a defendant, in balancing the rights of the public, to take into account modern technology.... [F]ace to face is a figure of speech and ... the essence of the language really means a right to confrontation and cross-examination. It does not mean a right where credibility is not really at issue to determine whether or not the color of one's eyes are blue or brown or gray. It does not mean the right to gaze upon ... an individual and note whether ... a drop of perspiration pours forth from [his] forehead ... particularly where we're dealing with a witness whose credibility is not really at issue."

Judgment affirmed.

KELLY, C.J., and SMITH, J., concur.