Ronald D. GONSOIR, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 89SC254.

Supreme Court of Colorado,
En Banc.

June 25, 1990.

Fredric B. Butler, Eagle, for petitioner.

Milton K. Blakey, Dist. Atty., Garfield County, James A. Leuthauser, Deputy Dist. Atty., Glenwood Springs, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

Petitioner, Ronald D. Gonsoir, seeks review of a decision of the Garfield County District Court affirming judgments of conviction of driving under the influence of alcohol and driving with excessive blood alcohol.[1] Gonsoir contends that both courts erred in approving the introduction of telephonic testimony of an adverse witness at his trial because such procedure violated his rights of confrontation, as guaranteed by the sixth and fourteenth amendments to the United States Constitution and article 2, section 16, of the Colorado Constitution.[2] Having granted certiorari to address that issue, we reverse and remand with directions.

I

Gonsoir was charged with driving under the influence of alcohol,[3] driving with excessive blood alcohol,[4] failing to produce proof of insurance [5] and failure to obtain a valid registration for his automobile.[6] Gonsoir's trial commenced on November 15, 1988, in Glenwood Springs, Colorado. After a recess the prosecutor informed the trial court that because of a canceled flight a subpoenaed witness, Stephanie Irsik, was stranded at Denver's Stapleton International Airport and would not be able to reach Glenwood Springs that day to testify in her capacity as a chemical toxicologist on be-

1. Gonsoir was also convicted of failing to produce proof of insurance. The evidence he challenges was not relevant to that conviction. Although the People assert that Gonsoir sought certiorari review only of his conviction for driving with excessive blood alcohol, a reading of his petition reveals that the challenged evidence was critical with regard to both charges and that Gonsoir did not restrict his argument to only one of the two alcohol-related convictions.

2. The *right to confrontation guaranteed by the* sixth amendment to the United States Constitution is applicable to state criminal proceedings by virtue of the fourteenth amendment to that

constitution. *Ohio v. Roberts,* 448 U.S. 56, 62, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980).

3. Section 42–4–1202(1)(a), 17 C.R.S. (1984 & 1988 Supp.).

4. Section 42–4–1202(1.5)(a), 17 C.R.S. (1984 & 1988 Supp.).

5. Section 42–4–1213(3), 17 C.R.S. (1984 & 1988 Supp.).

6. Section 42–3–122(1)(a), 17 C.R.S. (1984 & 1988 Supp.). This charge was dismissed on motion of the People.

half of the People.[7] The prosecutor requested that the witness be permitted to testify via telephone or, alternatively, that the trial be continued for two days. The prosecutor argued that the witness would not testify as an expert but rather as a "technician, who ran some tests"; that the contents of her testimony would not be rebutted; and that "matters such as her demeanor on the witness stand [were] not going to make that much of a difference."

Gonsoir objected to the request, arguing that he was entitled to observe the demeanor of the witness as she testified and that she apparently would be asked to testify about the contents of a document not admitted into evidence. The trial court, relying primarily on the Court of Appeals opinion of *People v. Topping*, 764 P.2d 369 (Colo.App.1988) (hereinafter *Topping I*), granted the prosecutor's request to permit the witness to testify by telephone. The trial court stated that "[t]his is the type of case where demeanor is not likely to be as significant as that of an eye witness or another witness in the case" and concluded that any questions concerning the admission of documentary evidence could be resolved by having the witness read aloud the document to which she was referring and comparing the language she recited to a document that was present in the courtroom.

The witness subsequently testified by telephone from the Denver airport. During her testimony the witness frequently referred to a document in her possession to refresh her recollection of the conduct and results of chemical tests performed on samples of Gonsoir's blood.[8]

The jury returned guilty verdicts on the charges of driving under the influence of alcohol, driving with excessive blood alcohol and failure to produce proof of insurance. On appeal, the district court upheld the convictions. In affirming the trial court's order permitting the prosecution witness to testify by telephone, the district court placed great weight on *Topping I.*

## II

Gonsoir argues that the trial court's order permitting the prosecution witness to testify by telephone violated his right of confrontation as guaranteed by the United States Constitution. The People argue that Gonsoir's right of confrontation was not impermissibly abridged in this case because the essence of that right is the ability to cross-examine witnesses and Gonsoir did cross-examine the witness. The People's position is not tenable.

Both the trial court and the district court relied on *Topping I* in concluding that the procedure of testimony by telephone was permissible in this case. In *Topping v. People*, 793 P.2d 1168 (Colo.1990) (hereinafter *Topping II*), we held that the portion of the Court of Appeals decision concluding that convenience of a witness was a factor of sufficient consequence to override a defendant's sixth amendment right of face-to-face confrontation and cross-examination of an adverse witness at trial was erroneous. We emphasized the fundamental sig-

---

7. The record reveals that the People had been granted two prior continuances because of the unavailability of this witness. The record also establishes that after jury selection but prior to the commencement of the prosecutor's opening statement Gonsoir's attorney requested suppression of any reference during the prosecutor's opening statement to the alcohol content of Gonsoir's blood at the time of his arrest because the People's toxicologist might not be able to appear at trial. The prosecutor opposed the motion, indicating a belief that the witness would appear, and the trial court denied the motion.

8. During her testimony it became apparent that there were discrepancies between the document the witness used to refresh her recollection and

the document present in court and offered by the People as Exhibit A. Concluding that within the limits of photocopy technology Exhibit A was the same document referred to by the witness, the trial court admitted Exhibit A into evidence over Gonsoir's objections. When later testimony revealed that the witness' document consisted of eight pages, while Exhibit A was a one-page document, the trial court subsequently determined that Exhibit A differed from the document used by the witness. The trial court then ordered the witness to authenticate by notarization the document to which she had referred and send that document to the court. The record on appeal does not reveal whether the witness complied with this order.

nificance of the sixth amendment's guarantee of face-to-face confrontation in view of the nation's historic commitment to the development of trial procedures that both are and are perceived to be fair. *Id.* at 1170. We concluded that in view of the principles eloquently reaffirmed by the United States Supreme Court in *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), the People failed to establish a state interest of such significance as to justify recognition of an exception to the enforcement of the guarantee of face-to-face confrontation at trial embodied in the sixth amendment. *Id.* at 1172.

In this case, as in *Topping II,* the People also failed to establish any such overriding state interest. When apprised of his witness' problem in the afternoon of the initial day of trial, the prosecutor quite properly requested in the alternative a brief delay in the trial proceedings. The record on appeal contains no suggestion that the case could not have been adjourned for a short period of time—perhaps only until the next morning—to permit the witness to testify in person. The witness here, as the witness in *Topping II,* was willing to testify at trial.

The district court apparently considered the witness' testimony to be in the nature of hearsay evidence and thus governed by the rule of *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In that case, the United States Supreme Court determined that the admission into evidence at trial of a transcript of an adverse witness' preliminary hearing testimony did not violate the defendant's sixth amendment right of confrontation. Noting that the defendant had been afforded the opportunity to cross-examine the witness at the preliminary hearing and that the prosecution had not been able to locate the witness in spite of diligent efforts to do so, the Supreme Court articulated a two-part test to determine whether such evidence was admissible: whether the prosecution established that the hearsay declarant was unavailable and whether the proffered testimony bore sufficient indicia of reliability. *Id.* at 65, 100 S.Ct. at 2538. We have applied the *Ohio v. Roberts* test to determine confrontation clause challenges to the admissibility of hearsay evidence. *People v. Dement,* 661 P.2d 675, 681 (Colo.1983).

In this case, whether or not the witness' testimony is considered to be hearsay evidence, the critical fact is that the People failed to establish the witness' unavailability. The witness was under subpoena, was at the Denver airport, and had every intention of appearing at trial. Although other means of transportation might have been utilized to ensure her arrival at Glenwood Springs, neither the trial court nor the district court found that the witness was unavailable for trial, and the prosecutor argued initially that in all probability she would appear. Absent such finding, the evidence may not be admitted. *See People v. Diefenderfer,* 784 P.2d 741, 750 (Colo. 1989). Furthermore, the evidence in this case does not support any such finding. The record contains no evidence suggesting that the witness could not have reached Glenwood Springs during a brief recess of the trial, and the prosecutor requested such a recess as an alternative solution to the problem.

Pursuant to the sixth amendment to the United States Constitution, Gonsoir was entitled to confront the witness at trial and to cross-examine her in person. *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); *Topping II.* The People having failed to establish any basis to justify abridgment of this fundamental right, the trial court erred in permitting the prosecution witness to testify by telephone over Gonsoir's objection to such procedure.[9] Having concluded that the trial court's order violated federal constitutional stan-

9. Violations of a defendant's confrontation clause rights may be subject to a harmless error analysis. *Coy v. Iowa,* 487 U.S. 1012, 1021, 108 S.Ct. 2798, 2803, 101 L.Ed.2d 857 (1988); *Topping II* at 1172. The People have not suggested that a harmless error analysis is appropriate in this case, and the limited record on appeal reveals that the testimony of Stephanie Irsik was critical to the prosecution's case respecting the charges of driving under the influence of alcohol and driving with excessive blood alcohol.

dards, we do not address Gonsoir's alternative argument that the order violated state constitutional guarantees of the right to face-to-face confrontation of adverse witnesses.

### III

For the foregoing reasons, we reverse the judgment of the district court. The case is remanded to that court with directions to enter a judgment setting aside Gonsoir's convictions of driving under the influence of alcohol and driving with excessive alcohol and remanding the case to the trial court for a new trial on those two charges.