2007-NMCA-073

160 P.3d 932

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Rodney ALMANZA, Defendant–Appellant.**

No. 25,929.

Court of Appeals of New Mexico.

May 18, 2007.

Gary K. King, Attorney General, Jacqueline R. Medina, Assistant Attorney General, Albuquerque, NM for Appellee.

John Bigelow, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, NM for Appellant.

## OPINION

PICKARD, Judge.

{1} The issue we are required to determine in this case is whether a witness in a criminal case is allowed to give testimony by telephone in the absence of a compelling reason or need for such testimony. We hold that the appearance by telephone of a chemist from the New Mexico State Crime Lab was not permitted under the circumstances of this case, and we therefore reverse Defendant's conviction for distribution of a controlled substance and remand for a new trial.

## FACTS AND PROCEEDINGS

{2} Defendant was charged with one count of distribution of methamphetamine. His trial was scheduled for March 1. The parties had negotiated a plea agreement, which was supposed to be presented to the trial court on February 28. Accordingly, the prosecutor did not subpoena the chemist. On February 25, defense counsel informed the prosecutor that Defendant had changed his mind about the plea and wanted to go to trial. At that time, it was too late to subpoena the chemist for the trial date.

{3} The prosecutor notified the trial judge of her predicament, and the judge indicated that he would allow the chemist to testify by telephone. On the morning of trial, the parties made a record of the prosecutor's request and Defendant's objection. Defendant objected on the basis of his Sixth Amendment right of confrontation and pointed out that he needed to confront the witness face-to-face in order to see what documents the witness would be relying on and to insure a proper chain of custody. He pointed out that Crime Lab employees do not like to give live testimony and believe that their testimony could as easily be given in a more convenient setting or method for them, considering their busy schedules.

{4} Upon prompting by the trial judge, the prosecutor indicated that she would have subpoenaed the chemist if she had received timely notice that Defendant was changing his mind about the plea. The trial judge thereupon ruled that he would allow the telephonic testimony because Defendant created the situation in which he found himself. Defendant argued that the trial should be continued and that he would file for a six-month rule extension. The trial judge responded that he would find that Defendant waived his right of confrontation. Defendant stated for the record that he was not waiving that right. The trial proceeded with the State calling in person the agent who purchased the drugs

from Defendant and calling the chemist by telephone.

{5} Defendant was convicted, and he appeals, raising the confrontation issue as well as two other issues. We reverse on the confrontation issue and remand for a new trial. In light of that disposition, we need not discuss the other issues, which would not result in greater relief.

## DISCUSSION

{6} The questions of whether and under what circumstances a witness will be allowed to testify by telephone in a criminal case have not been answered in New Mexico. But other jurisdictions have recently answered the questions with such uniform results that the State has confessed error on the facts and circumstances of this case. Although we are not bound by the State's concession, *see State v. Foster*, 1999–NMSC–007, ¶ 25, 126 N.M. 646, 974 P.2d 140, we agree with it for the reasons that follow.

■ {7} The United States Supreme Court has held that face-to-face confrontation is an element of the Sixth Amendment right of confrontation. *State v. Benny E.*, 110 N.M. 237, 240, 794 P.2d 380, 383 (Ct.App. 1990) (citing *Coy v. Iowa*, 487 U.S. 1012, 1015–17, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988)). Such confrontation serves a number of important purposes, including (1) allowing the fact finder to observe the demeanor of the witness, (2) impressing on the witness the seriousness of the matter, and (3) assuring the identity of the witness and that the witness is not being improperly influenced, either by persons or documents. *United States v. Hamilton*, 107 F.3d 499, 503 (7th Cir.1997).

■ {8} The cases, however, recognize "that the 'rights conferred by the Confrontation Clause are not absolute, and may give way to other important interests.' " *Benny E.*, 110 N.M. at 241, 794 P.2d at 384 (quoting *Coy*, 487 U.S. at 1020, 108 S.Ct. 2798). But any exceptions to the general rule providing for face-to-face confrontation are narrowly tailored to include only those situations where the exception is " 'necessary to further an important public policy.' " *Id.* (quoting *Coy*, 487 U.S. at 1021, 108 S.Ct. 2798). Thus, there must be both an important public policy and a required necessity. *Hamilton*, 107 F.3d at 503–04 (citing *Maryland v. Craig*, 497 U.S. 836, 849–50, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)).

{9} Among the recent cases from other jurisdictions that have discussed this issue are the following representative examples: *United States v. Jacobs*, 97 F.3d 275 (8th Cir.1996); *State v. Moore*, 203 Ariz. 515, 56 P.3d 1099 (Ariz.Ct.App.2002); *Topping v. People*, 793 P.2d 1168 (Colo.1990); and *Gonsoir v. People*, 793 P.2d 1165 (Colo.1990). The facts of *Jacobs* were that the government's main witness was pregnant, and because she was near her delivery date, she had to go to the hospital for a week in the middle of her cross-examination. *Jacobs*, 97 F.3d at 280–81. Although the defendant objected and moved for a continuance so that the jury could hear what he called the crux of his cross-examination in person, the trial court disagreed and allowed the witness to appear by telephone from the hospital. *Id.* at 281. The appellate court held this to be error, ruling that there was no identification of important state interests or showing of specific necessity for the procedure utilized. *Id.* at 281–83.

{10} In *Moore*, the defendant was charged with aggravated driving under the influence (DUI) because he was DUI while his license was suspended. *Moore*, 56 P.3d at 1100–01. The defendant's contention was that he did not know his license had not been restored because the judge in the prior case had told him in the hallway that he would be given a temporary license. *Id.* at 1101. The prosecution wanted the judge to testify by telephone due to his busy schedule, the trial court allowed that procedure, and the judge testified that he does not have private conversations in the hallway. *Id.* The appellate court ruled that this was a case of mere inconvenience to the witness, which was not a weighty enough showing of necessity to dispense with face-to-face confrontation. *Id.* at 1102–03.

{11} In *Topping*, a physician was allowed to testify by telephone in a sexual assault case, again because the trip required to ensure face-to-face confrontation would be

"highly inconvenient." *Topping*, 793 P.2d at 1169. The court held that such a concern was insufficiently weighty to justify abridgment of the right to face-to-face confrontation. *Id.* at 1172. The Colorado court ruled similarly in *Gonsoir*, a case in which the state's chemist was stranded at an airport and could not attend the defendant's DUI trial on the appointed day. *Gonsoir*, 793 P.2d at 1165–66. The court held that these facts did not demonstrate any overriding state interest. *Id.* at 1167.

{12} Measured against the facts of these cases, it is apparent that the chemist's busy schedule and the inconvenience that would be caused by either requiring his testimony or postponing the trial until he was able to testify are just the sort of considerations that do not satisfy the exceptions to the Confrontation Clause. Where there are requirements of important public policy and showing of necessity, mere inconvenience to the witness is not sufficient to dispense with face-to-face confrontation. Accordingly, it was error for the trial judge to proceed with the telephonic testimony of the chemist in this case.

{13} The State does not allege that any error was harmless, and we agree. The witness was essential to establish the character of the substance Defendant was alleged to have transferred. The State also agrees with Defendant that Defendant's actions did not result in a waiver. Again, we are disposed to agree. *Cf. State v. Romero*, 2007–NMSC–013, ¶¶ 28–37, 141 N.M. 403, 156 P.3d 694 (discussing the doctrine of forfeiture by wrongdoing and adhering to prior case that required a specific intent on the defendant's part to procure the absence of a witness in order to dispense with confrontation rights).

## CONCLUSION

{14} Defendant's conviction is reversed, and the matter is remanded for a new trial.

{15} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and RODERICK T. KENNEDY, Judge.