This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

  **vs.**                              **No. 31,062**

**CARLOS FRANCO,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the revocation of his probation. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in

opposition, which this Court has duly considered. Unpersuaded, we summarily affirm the revocation of Defendant's probation.

Defendant challenges the State's use of telephonic testimony at Defendant's probation revocation proceeding, arguing that it violated his due process right to confront the witness against him. We pointed out in our notice of proposed disposition that, while the Confrontation Clause of the Sixth Amendment does not apply to probation revocation proceedings, a defendant must still be afforded minimum due process. [CN 2] In this Court's calendar notice we proposed to conclude that Defendant had not demonstrated a violation of his right to due process. We suggested that Defendant inform this Court what prejudice he suffered because of the telephonic testimony and how he had placed the credibility of the witness testifying telephonically at issue, such that the inability of the district court to view the witness and observe his demeanor was necessary. [CN 5]

In response, Defendant has pointed out that (1) there was difficulty administering the oath to the probation officer [MIO 3-4], (2) the probation officer could not authenticate documents [MIO 5], and (3) the telephonic testimony of the officer was the entirety of the State's case [MIO 8]. Defendant points out, however, that the oath was eventually administered to the probation officer [MIO 4] and that the district court judge did not allow the document into evidence that Defendant

2

challenged for lack of authentication [MIO 5]. Thus, we are unpersuaded that difficulty with administering the oath or authenticating documents prejudiced Defendant. To the extent Defendant contends that the telephonic testimony was the entirety of the State's case, Defendant has not informed this Court how he called into question the probation officer's credibility, such that live testimony became imperative. *See State ex rel. Children, Youth & Families Dep't v. Anne McD.*, 2000-NMCA-020, ¶ 24, 128 N.M. 618, 995 P.2d 1060 (noting that "the risk of error is greater when 'issues of witness credibility and veracity . . . are critical to the decision making process'").

Defendant cites to our Supreme Court's recent opinion in *State v. Guthrie*, 2011-NMSC-014, __ N.M. __, __ P.3d __, for the proposition that the Court "introduced the idea of a 'spectrum' of confrontation analysis," such that "the stronger the probative value and reliability of the evidence, the less the need for confrontation." [MIO 7] Defendant argues that *Guthrie* leaves open the question of what role this Court's decision in *State v. Almanza*, 2007-NMCA-073, 141 N.M. 751, 160 P.3d 932, plays in the context of a probation revocation. We are unpersuaded.

Defendant argues that *Almanza* held that the State must demonstrate a compelling reason or need for using a procedure other than face-to-face confrontation by stating, "[w]here there are requirements of important public policy and showing

of necessity, mere inconvenience to the witness is not sufficient to dispense with face-to-face confrontation." [MIO 8 (quoting *Almanza*, 2007-NMCA-073, ¶ 12)] Defendant argues, based on *Almanza*, that the question on appeal is whether there is a compelling reason beyond mere inconvenience for telephonic testimony, in addition to determining the utility of face-to-face confrontation. Defendant's argument is unavailing.

To the extent Defendant relies on *Almanza,* this Court reversed a criminal conviction in *Almanza* based on the use of telephonic testimony at a criminal trial. Our case law is clear that the protections afforded during a probation revocation hearing are not the same as those provided during a criminal trial, because the liberty interest at stake is not the same. *See Guthrie*, 2011-NMSC-014, ¶ 10 ("Because loss of probation is loss of only conditional liberty, "the full panoply of rights due a defendant in a [criminal trial] do[] not apply." (alteration in original) (internal quotation marks and citation omitted)). Thus, we conclude that *Almanza*'s requirement that the State demonstrate a compelling reason does not apply to Defendant's probation revocation hearing.

To the extent Defendant argues that this Court must determine the utility of face-to-face confrontation under *Guthrie*, we are unpersuaded that application of *Guthrie* requires reversal. Defendant is correct in arguing that *Guthrie* creates a

spectrum for determining whether there is good cause for not requiring confrontation. On one end of the spectrum, *Guthrie* provides that good cause for not requiring confrontation will most likely exist where

> the state's evidence is uncontested, corroborated by other reliable evidence, and documented by a reliable source without a motive to fabricate, or possibly situations where the evidence is about an objective conclusion, a routine recording, or a negative fact, making the demeanor and credibility of the witness less relevant to the truth-finding process.

*Id.* ¶ 40. On the other end of the spectrum, *Guthrie* provides that good cause will most likely not exist where

> evidence is contested by the defendant, unsupported or contradicted, and its source has a motive to fabricate; it is about a subjective, judgment-based observation that is subject to inference and interpretation, and makes a conclusion that is central to the necessary proof that the defendant violated probation.

*Id.* ¶ 41.

In applying these standards, our Supreme Court held in *Guthrie* that confrontation was not required where (1) the defendant did not contest the state's allegation that he had failed to complete his treatment at the rehabilitation center, (2) the defendant failed to offer any evidence to mitigate his failure to abide by his probation requirements, (3) the failure to complete residential treatment was an objective, negative, and routine fact, and (4) there was no known motive of the probation officer to fabricate or deceive the court. *Id.* ¶¶ 45-47.

Here, the probation officer testified via telephone that he had observed Defendant out after curfew at a location that served alcohol in violation of his probation, that Defendant had provided a urine sample that tested positive for cocaine, and that Defendant admitted to using cocaine. [MIO 4-5] Defendant has not indicated that he challenged the veracity of the probation officer's testimony regarding these violations or offered any evidence to mitigate his probation violations. Moreover, Defendant's presence at an establishment that served alcohol past his curfew is an objective fact, as is the urine test indicating cocaine usage, and there is no indication that the officer had a motive to fabricate this information. As a result, we conclude, based on *Guthrie*, that Defendant has failed to demonstrate a due process violation resulting from the use of telephonic testimony at his probation revocation hearing.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**