This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                         **NO. 29,679**

**JAMES BLISS HALWOOD,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

     Defendant was convicted of voluntary manslaughter and aggravated battery with a deadly weapon. He raises a single issue on appeal, contending that a recording

created in the course of the police investigation was improperly admitted in evidence. For the reasons that follow, we reject Defendant's assertion of error. We therefore affirm.

**BACKGROUND**

Defendant's convictions arise out of an incident that occurred in the very early morning hours on October 2, 2005, at the apartment complex in which Defendant lived. Neighbors heard a commotion and saw Defendant pursue another man outside. In the course of the ensuing altercation, Defendant stabbed the man to death.

One of the neighbors, Mr. Ramirez, later opened his door to a woman seeking assistance. She was covered with blood and stated that she had been stabbed. Ramirez immediately called 911 for emergency assistance. When the police arrived they found the woman, Ms. Biddle, lying down and clearly in distress. She indicated that she had been stabbed, and the wound was clearly visible. In light of the severity of her condition, she was transported to the hospital immediately.

One of the officers recorded their brief interaction with Biddle on a belt tape. In the course of the recording the officers asked Biddle, "Who did this?" to which she responded, "A neighbor . . . James." At trial Defendant objected to the admission of the recording on the ground that it contained hearsay and violated his constitutional right to confrontation. The district court overruled the objection, concluding that

Biddle's remarks were classifiable as excited utterances and that her anticipated appearance as a witness would address the confrontation issue. This ruling is the subject of the present appeal.

**STANDARD OF REVIEW**

We review the admission of evidence for an abuse of discretion. *State v. Sena*, 2008-NMSC-053, ¶ 12, 144 N.M. 821, 192 P.3d 1198. An abuse of discretion "occurs when the court's ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion . . . unless we can characterize [its ruling] as clearly untenable or not justified by reason." *Id.* (internal quotation marks omitted). Whether out-of-court statements are admissible under the Confrontation Clause is reviewed de novo as a question of law. *State v. Rivera*, 2008-NMSC-056, ¶ 10, 144 N.M. 836, 192 P.3d 1213.

**DISCUSSION**

**A.   Hearsay**

Defendant contends that the portion of the recording in which Biddle identified Defendant as her attacker should have been excluded as inadmissible hearsay. As an initial matter, we reject the State's suggestion that Defendant failed to properly preserve this issue. Below, Defendant clearly objected on the ground that the recording contained hearsay. The district court overruled the objection on the ground

that the excited utterance exception to the hearsay rule applied. This was sufficient to satisfy the preservation requirement. *See generally State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that to preserve an issue, a party must make an objection that specifically apprises the trial court of the claimed error and invokes an intelligent ruling thereon).

Turning to the merits, to the extent that the statement in question was offered at least in part for the truth of the matter asserted (i.e., to establish that Defendant had stabbed Biddle), it could be classified as hearsay. *See generally* Rule 11-801(C) NMRA (defining hearsay). *But see* Rule 11-801(D)(1)(c) (providing that statements of identification are not hearsay if the declarant testifies at the trial and is subject to cross-examination).

Despite the generally objectionable nature of hearsay, Rule 11-803(B) NMRA provides an exception for "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The applicability of this exception to any given situation depends upon an examination of the totality of the circumstances, including

> how much time passed between the startling event and the statement, and whether, in that time, the declarant had an opportunity for reflection and fabrication; how much pain, confusion, nervousness, or emotional strife the declarant was experiencing at the time of the statement; whether the statement was self-serving[; and whether the statement was] made in response to an inquiry.

4

*State v. Balderama*, 2004-NMSC-008, ¶ 51, 135 N.M. 329, 88 P.3d 845 (alterations in original) (internal quotation marks omitted).

In this case, these considerations support the district court's characterization of Biddle's statement as an excited utterance. Because Biddle ran directly to Ramirez's apartment, Ramirez called 911 immediately, and the police arrived shortly thereafter, relatively little time appears to have passed between the startling event and Biddle's statement. Biddle therefore had little opportunity for reflection and fabrication. Additionally, because Biddle had been seriously wounded as a result of being stabbed in the torso, she was covered in blood, her wound was readily visible, and she was breathing heavily and moaning, Biddle was clearly in significant pain and emotional distress. Finally, although the statement in question was made in response to an inquiry, there has been no suggestion that the statement was self-serving. Accordingly, the totality of the circumstances surrounding Biddle's declaration indicates that the statement was properly admitted under the excited utterance exception.

In his brief to this Court, Defendant exclusively contends that Rule 11-803(B) should not apply because Biddle's statement was made in response to a police officer's question. However, our authorities provide that this circumstance does not render the excited utterance exception inapplicable. *See State v. Hernandez*, 1999-

5

NMCA-105, ¶ 15, 127 N.M. 769, 987 P.2d 1156 ("Although the fact that the statements were made to police can also undermine their spontaneity, the mere fact that the statements were responses to questions does not necessarily defeat a finding that they were excited utterances."); *State v. Bonham*, 1998-NMCA-178, ¶ 5, 126 N.M. 382, 970 P.2d 154 (declining "to adopt a bright-line rule that every statement made in response to a question, whether by police or others, is not an excited utterance"), *abrogated on other grounds by State v. Traeger*, 2001-NMSC-022, 130 N.M. 618, 29 P.3d 518. Statements very similar to the statement at issue in this case have been deemed excited utterances in several cases, despite the fact that they were made in response to inquiries by investigating officers. *See, e.g.*, *State v. Salgado*, 1999-NMSC-008, ¶¶ 3, 9-11, 126 N.M. 691, 974 P.2d 661 (holding that a statement by which the victim identified his shooter was properly classified as an excited utterance, despite the fact that it was made in response to police inquiry); *State v. Fuentes*, 2010-NMCA-027, ¶¶ 3, 19, 147 N.M. 761, 228 P.3d 1181 (holding that a statement in response to police inquiry, by which the victim identified the defendant as the person who shot him, fell within the excited utterance exception); *Bonham*, 1998-NMCA-178, ¶¶ 4-8 (concluding that the trial court did not abuse its discretion in finding that the victim's statements concerning his attacker were excited utterances, despite the fact that the statements were made in response to police inquiries). We

therefore reject Defendant's argument and conclude that the district court properly admitted Biddle's recorded statement pursuant to Rule 11-803(B).

**B.      Confrontation Clause**

Defendant contends that the admission of Biddle's recorded statement resulted in a violation of his Sixth Amendment right to confrontation.  Defendant's argument appears to be premised on the extrajudicial nature of the recorded statement.  However, because Biddle appeared at the trial, testified, and was subject to cross-examination, Defendant's right to confrontation was satisfied.  *See State v. Torres*, 1998-NMSC-052, ¶¶ 21-24, 126 N.M. 477, 971 P.2d 1267 (observing that an out-of-court statement may be offered against a defendant without offending the Confrontation Clause if the declarant appears and is subject to cross-examination), *overruled on other grounds by State v. Alvarez-Lopez*, 2004-NMSC-030, 136 N.M. 309, 98 P.3d 699.

It appears that Defendant may take issue with Biddle's availability for purposes of confrontation based on her imperfect memory.  However, as an abstract proposition, lack of memory has been rejected as a basis for excluding an out-of-court statement so long as the witness appears at trial and is subject to unrestricted cross-examination. *Torres*, 1998-NMSC-052, ¶ 23.  In this case, Biddle appeared and was subject to unrestricted cross-examination.  Furthermore, Biddle did not claim to lack

7

memory. To the contrary, she testified at some length about the events on the date in question, including her brief interview with the police officers at the scene and the specific statement by which she identified Defendant as her attacker. Accordingly, this is not a case in which lack of memory prevented Defendant from engaging in cross-examination. We therefore perceive no basis for Defendant's suggestion that Biddle was effectively unavailable.

Alternatively, Defendant contends that the State should have been required to establish that Biddle was unavailable before the recording could be played. However, such a showing would only have been required if Biddle had not appeared at trial. *See State v. Lopez*, 2007-NMSC-037, ¶ 19, 142 N.M. 138, 164 P.3d 19 ("The Confrontation Clause bars the admission of testimonial statements *of a witness who did not appear at trial* unless he was unavailable to testify, and the defendant had . . . a prior opportunity for cross-examination." (emphasis added) (internal quotation marks omitted)).

Citing *State v. Almanza*, 2007-NMCA-073, 141 N.M. 751, 160 P.3d 932, Defendant also asserts that the recorded statement should have been excluded for the same reason that telephonic testimony has been rejected. However, because Biddle appeared in person at trial and was subject to cross-examination with respect to all pertinent matters, including the recorded statement, we reject the suggested analogy

to telephonic testimony and conclude that *Almanza* has no bearing on the present matter.

Finally, Defendant appears to contend that his constitutional right to confrontation was violated by the timing of the presentation of the tape recording, asserting that the State should not have been permitted to play the recording before Biddle was called to testify. However, Defendant has failed to articulate how or why this presentation should be said to implicate the Confrontation Clause, and he has cited no supporting authority. We therefore decline to consider the argument. *See generally In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that arguments must be supported by cited authority and when they are not, we assume counsel was unable to find supporting authority); *State v. Montes*, 2007-NMCA-083, ¶ 34, 142 N.M. 221, 164 P.3d 102 (illustrating that arguments that have not been clearly articulated need not be considered).

**CONCLUSION**

For the foregoing reasons, we conclude that the recorded statement was properly admitted over Defendant's objections. We therefore affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

9

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**