**Certiorari Granted, May 11, 2012, No. 33,568**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-049**

**Filing Date: February 9, 2012**

**Docket No. 30,384**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

**v.**

**PATRICE CHUNG**,

       **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**VIGIL, Judge.**

**{1}** The memorandum opinion filed in this case on January 24, 2012, is hereby withdrawn, and this opinion is substituted in its place.

1

**{2}**    Defendant was convicted of one count of distribution of marijuana. NMSA 1978, § 30-31-22(A) (2006) (amended 2011). Defendant appeals, contending that he was denied his constitutional right to confront a critical witness against him. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."); N.M. Const. art. II, § 14 ("In all criminal prosecutions, the accused shall have the right . . . to be confronted with the witnesses against him."). We reverse.

**DISCUSSION**

**{3}**    Trial was held in Aztec, New Mexico. Prior to trial, the State filed a motion to allow its witness from the New Mexico Scientific Laboratories Division to testify by video conference. The witness was necessary to prove an essential element of the charge, that the substance transferred was marijuana. The grounds stated in the motion were:

> (1)    A Crime Lab Analyst with the New Mexico Scientific Laboratories Division has been subpoened [sic] to testify in the above matter . . .;
>
> (2)    The Scientific Laboratories Division is located in Santa Fe, New Mexico;
>
> (3)    The Crime Lab Analyst is a necessary witness;
>
> (4)    For judicial economy the Crime Lab Analyst should be allowed to appear via video-conferencing;
>
> (5)    An appearance of a witness by video-testimony does not run afoul of . . . Defendant's right to confront the witnesses against him. Unlike telephonic appearance, video-conferencing permits the jury, . . . Defendant, the Court, and Counsel for both parties to not only hear the testimony, but to also visually observe the witness' demeanor and candor. It also permits the witness to see . . . Defendant and Counsel. Because of this, the members of the jury can independently form opinions as to the veracity of the witness and the weight to give the witness' testimony.

**{4}**    The motion also states that Defendant opposed the motion. Under the Rules of Criminal Procedure, Defendant therefore had a right to file a response within fifteen days. Rule 5-120(C) NMRA (stating that the moving party shall determine if the motion is opposed, and if it is not opposed, an order initialed by opposing counsel shall accompany the motion); Rule 5-120(E) ("Unless otherwise specifically provided in these rules, a written response shall be filed within fifteen (15) days after service of the motion."). Defendant also had the right to file a response under the district court's own local rules. LR11-104(B) ("The responding party shall have fifteen (15) days after service of the motion to answer by written brief."). However, without affording Defendant an opportunity to respond, or otherwise be

2

heard, the district court entered its order the day after the State filed its motion, and granted the motion. In its totality, the "Order Allowing Testimony Via Video Conferencing" states:

> THIS MATTER having come before the Court this 9th day of March, 2010 on the written motion of the State and good cause appearing therefore,
>
> IT IS HEREBY ORDERED that the Crime Lab Analyst may appear via video conferencing.

{5} At trial, the analyst was allowed to testify by video conference over Defendant's objection that it violated his constitutional right to confront the witness against him. After the analyst testified, a hearing was held outside the presence of the jury in which the analyst stated that while he was testifying, he could see the prosecutor, and sometimes defense counsel, but not Defendant, the judge, or the jury. This was contrary to the representation made in the State's motion. Defendant then moved to strike the analyst's testimony.

{6} Two days after the trial was completed, the district court filed a formal order, which denied Defendant's objection to allowing the analyst to testify by video conference, and his motion to strike the analyst's testimony. The order states that Defendant's constitutional right to confront the witness against him was not compromised by the video conference testimony because the jury was able to observe and hear the analyst's testimony "in the same manner they would have if the [a]nalyst had personally appeared at trial." Moreover, the order continues, "If the [a]nalyst was required to appear and testify in person, he would have been required to drive a total of six hours to and from the courthouse to testify," and that "The State of New Mexico is presently experiencing a financial crisis and the appearance of the [a]nalyst by video conferencing equipment saved money."

{7} The order was entered after the district court had already decided to allow the testimony by video conference, and after the analyst had already testified. Moreover, the finding relating to a "financial crisis" has no evidentiary support. And, even if the district court could take judicial notice of the state's general financial condition, the finding sheds no light on the budget resources available to the Scientific Laboratories Division for travel at the time of the trial.

**No Opportunity To Be Heard**

{8} The State's motion raised the issue of whether, and under what circumstances, the State may present evidence crucial to its case by video conference without violating a defendant's constitutional right to confront witnesses against him. The State's motion cited no legal authority and only made an assertion of convenience for the witness.

{9} The district court granted the motion without affording Defendant his right to respond, as provided in the Rules of Criminal Procedure and the district court's own rules. Further, the motion was granted without hearing or considering any evidence, without

3

considering or applying applicable case law and standards, and without making pertinent findings of fact and conclusions of law. Granting the motion under these circumstances was error. *State v. Shaw*, 90 N.M. 540, 541, 565 P.2d 1057, 1058 (Ct. App. 1977).

**Legal Error**

**{10}** Our review of Defendant's Confrontation Clause Claim is de novo. *State v. Dedman*, 2004-NMSC-037, ¶ 23, 136 N.M. 561, 102 P.3d 628, *overruled on other grounds by State v. Bullcoming*, 2010-NMSC-007, 147 N.M. 487, 226 P.3d 1, *rev'd by* ___ U.S. ___, 131 S.Ct. 2705 (2011).

**{11}** In *State v. Almanza*, 2007-NMCA-073, ¶ 1, 141 N.M. 751, 160 P.3d 932, we considered whether a chemist from the New Mexico State Crime Lab was allowed to give testimony by telephone in the absence of a compelling need or reason for such testimony, and concluded he could not. We pointed out that United States Supreme Court authority has held that face-to-face confrontation is an element of the Sixth Amendment right of confrontation, and that any exceptions to the general rule providing for face-to-face confrontation are "narrowly tailored" and include "only those situations where the exception is necessary to further an important public policy." *Id.* ¶ 8 (internal quotation marks and citation omitted). "Thus, there must be both an important public policy and a required necessity." *Id.* After considering other authorities, we concluded:

> [I]t is apparent that the chemist's busy schedule and the inconvenience that would be caused by either requiring his testimony or postponing the trial until he was able to testify are just the sort of considerations that do not satisfy the exceptions to the Confrontation Clause. Where there are requirements of important public policy and showing of necessity, mere inconvenience to the witness is not sufficient to dispense with face-to-face confrontation.

*Id.* ¶ 12.

**{12}** The State's motion cited to nothing more than "judicial economy" arising from allowing the analyst to testify by video conference because the analyst was located in Santa Fe, and the trial was being held in Aztec. This was merely an assertion that it would be more convenient for the witness, which *Almanza* unambiguously holds is not sufficient. On the basis of *Almanza* alone, it was error to grant the State's motion.

**CONCLUSION**

**{13}** The conviction is reversed.

**{14}** **IT IS SO ORDERED.**

4

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Chung,* Docket No. 30,384**

| | |
|---|---|
| **CT** | **CONSTITUTIONAL LAW** |
| CT-CT | Confrontation |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-RT | Right to Confrontation |